UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JONATHAN DAVID TSUCHIYA, §
§
v. § CIVIL ACTION NO. 4:14-CV-64-O
§
THE STATE OF TEXAS, ET AL. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING REMANDING CASE TO STATE COURT PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On December 5, 2013, *pro-se* plaintiff Jonathan David Tsuchiya ("Tsuchiya") filed an original petition in the 153rd Judicial District Court of Tarrant County, Texas, asserting various causes of action against the defendants. Along with the petition, Tsuchiya also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Thereafter, on December 9, 2013, Tsuchiya filed an "Amended Original Petition." On January 30, 2014, the defendants removed the case to this Court. In the Notice of Removal, the defendant claims that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question with regard to Plaintiff's claim against Defendants for violations of the Intelligence Reform and Terrorism Prevention Act of 2004.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This provision applies, *inter alia*, to complaints that were originally filed IFP in state court and removed to federal court. *See Maze v. Henley*, No. 07-2557-JDB/dkv, 2008 WL 839743, at *1 (W.D. Tenn. Mar. 27, 2008) ("Despite the payment of the filing fee upon the removal of this action, Plaintiff's complaint is a

1

*pro se* complaint subject to screening under 28 U.S.C. § 1915(e)(2)."); *Boese v. MacDonald*, No. CV07-101-GF-SEH, 2008 WL 1734784, at *2-3 (D. Mont. Apr. 14, 2008) (applying review under 28 U.S.C. § 1915(e)(2)(B) to case in which plaintiff sought to proceed in forma pauperis in state court before removal by defendants to federal court.) *See generally Ruston v. Dallas Cnty.*, No. 3-07-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (citing cases) (statutory screening provision of section 1915(e) applies to prisoner actions removed from state court); A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atlantic*, 550 U.S. at 555)).

In the first section of his state court Amended Original Petition, which was titled "Nature of Claim," Tsuchiya states verbatim:

> This suit is brought against Defendant(s) is a class action suit for violations of the Intelligence Reform and Terrorism Prevention Act of 2004 (the "IRTPA"), former in section 212(a)(3)(B) of the INA (8 U.S.C. § 1182(a)(3)(B)),* or terrorism, as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989 (22 U.S.C. § 2656f(d)(2)),** or retain the capability and intent to engage in terrorist activity or terrorism by threaten the security of U.S. nationals or the national security (national defense, foreign relations, or the economic interests) of the United States. . . .

(Amended Original Petition ("Pl.'s Am. Pet.") at 1 (errors in original).) In his rambling and, at times, incoherent complaint, Tsuchiya makes reference to a citation he received for a Class C Misdemeanor and complains about a document preparation company. (Pl.'s Am. Pet. at 1.) Thereafter, Tsuchiya lists various sections of the Texas Insurance Code, Texas Business and

Commerce Code, and Texas Administrative Code that he claims the defendants have violated. (Pl.'s Am. Pet. at 2-3.) In subsequent sections of his complaint, Tsuchiya sets forth the following "Counts" against the Defendants: (1) breach of oral contract, (2) negligence, (3) fraud by non-disclosure, (4) negligent misrepresentation, and (5) deceptive trade practices act. In a "Voluntary Victim Deliberation Impact Disclosure" statement attached to the Amended Original Petition, Tsuchiya complains about treatment he received from police officers, a municipal clerk, and municipal judges employed by the various defendants.

After reviewing Tsuchiya's Amended Original Petition, the Court concludes that Tsuchiya's claim pursuant to the Intelligence Reform and Terrorism Prevention Act of 2004 ("the Act") is both frivolous and fails to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(i) & (ii). The Act was passed in December 2004 to "reform the intelligence community and the intelligence and intelligence-related activities of the United States government." Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, 118 Stat. 3638 (2004). Section 1182(a)(3)(B) of Title 8 of the United States Code, the section of the Act cited to by Tsuchiya, in essence, "prohibits the government from granting asylum to aliens who participate in terrorist activity." *Amrollah v. Napolitano*, 710 F.3d 568, 571 (5th Cir. 2013). In viewing Tsuchiya's complaint, the Court is not certain Tsuchiya actually meant to bring a cause of action under the Act as the only reference to the Act is contained in what appears to be merely an introductory paragraph to Tsuchiya's complaint. Tsuchiya does not mention the Act in the section of his complaint where he specifically sets forth the causes of action or counts against the defendants. Even under the most liberal reading, there is no part of Tsuchiya's complaint that asserts any facts that support a claim under section 1182(a)(3)(B). *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less

stringent standards than formal pleadings drafted by lawyers).[1] Consequently, the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), recommends dismissal of Plaintiff's federal claim brought under the Act.

Even though the Court has recommended dismissal of Tsuchiya's federal claim, the Court continues to have supplemental jurisdiction over Tsuchiya's state-law claims pursuant to 28 U.S.C. § 1367(a). Although the removal of this case was originally "jurisdictionally proper" based on federal-question jurisdiction, this basis of jurisdiction no longer exists since the only alleged federal-law claim has been dismissed and only state-law claims remain. The United States Supreme Court, in *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357 (1988), addressed the issue of whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only supplemental state-law claims remain. *See also* 28 U.S.C. § 1367. In that case, the Supreme Court stated:

> We conclude that a district court has discretion [under the doctrine of pendent or supplemental jurisdiction] to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Id.* at 357.

In light of the *Carnegie-Mellon* decision, the Court concludes that retaining jurisdiction over this case would be inappropriate, and that convenience and fairness dictates that the cause

---

[1] The Court notes that generally it should not dismiss a *pro-se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend. *See Amanduron v. Am. Airlines,* 416 F. App'x 421, 423 (5th Cir. 2011); *Brewster v. Dretke,* 587 F.3d 764, 767 (5th Cir. 2009); *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998)) (stating that the Court generally should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend). However, in this case Tsuchiya has filed two separate petitions in state court, each with a large number of attachments that allegedly support his claims. Thus, the Court finds that Tsuchiya has filed his "best case" and that further amendment of the pleadings would serve no useful purpose. *See Dark v. Potter,* 293 F. App'x 254, 256-57 (5th Cir. 2008).

should be remanded. Consequently, the Court further recommends that this matter be remanded to the state court for determination of Tsuchiya's remaining state-law claims.

## RECOMMENDATION

It is recommended that, pursuant to 28 U.S.C. § 1915(e), Tsuchiya's federal claim pursuant to the Intelligence Reform and Terrorism Prevention Act of 2004 be dismissed and his remaining state-law claims be remanded to state court.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 19**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 5, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv