IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JONATHAN DAVID TSUCHIYA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:14-cv-00064-O |
| § | |
| **THE STATE OF TEXAS,** *et al.*, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Consideration (ECF No. 25), filed April 26, 2018. United States District Judge Reed C. O'Connor referred the Motion to the undersigned for hearing, if necessary, and determination or recommendation. ECF No. 26.

The undersigned construes the Motion, filed on the Court's standard complaint form, as a motion for relief from a final judgment, pursuant to Federal Rule of Civil Procedure 60. This Court entered judgment against Plaintiff Jonathan David Tsuchiya ("Plaintiff") on April 1, 2014. ECF No. 22. In doing so, the Court adopted the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 13). ECF Nos. 21–22. Plaintiff did not file objections to the Recommendation or file a direct appeal.

Plaintiff's Motion does not assert any mistake that could be corrected under Federal Rule of Civil Procedure 60(a). The undersigned therefore considers the Motion under Rule 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Those circumstances are:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The decision to grant or deny 60(b) relief is within the sound discretion of the district court and will be reversed only for an abuse of discretion." *James v. Rice Univ.*, 80 Fed. App'x 907, 911 (5th Cir. 2003) (citation omitted). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a 'showing of unusual or unique circumstances justifying such relief.'" *Id.* (quoting *Pryor v. U. S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)).

Plaintiff's Motion, in its entirety, reads:

Plaintiff's claim be reinstated withot [sic] dishonor

In this motion to reinstate docket into order with authority in power are removed from government issue bill transfer of transactions remand each estate of property in real fine curance being spent to motion defendants to promote public safety while operating a motor vehicle at $50 trillion. USD 0/1000, or contempt of court.

ECF No. 25. The Motion provides no reason or factual support for why relief from judgment should be granted under Rule 60(b), let alone a "showing of unusual or unique circumstances justifying such relief." *Pryor*, 769 F.2d at 286.

In addition, a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff's Motion was filed over four years after the Court entered judgment, and Plaintiff gives no reason for the delay. *See* ECF No. 22, No. 25. A four-year delay, without explanation, is not a reasonable time under Rule 60(b). *See First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992) ("[W]e are

2

comfortable affirming the district court's judgment because there is no abuse of discretion in finding that a two year delay in filing a Rule 60(b) motion is beyond the bounds of reasonableness when, as here, the moving party has given no valid justification for the delay.")

The Court previously dismissed Plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2) as frivolous or failing to state a claim upon which relief could be granted. ECF No. 13, No. 21, No. 22. The undersigned can find no reason in Plaintiff's Motion why the judgment should be disturbed. The undersigned therefore **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Consideration (ECF No. 25).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed May 10, 2018.

                                      Hal R. Ray, Jr.
                                      UNITED STATES MAGISTRATE JUDGE